**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **RADAMES LOPEZ, Jr.** | : | CHAPTER 13 |
| and **LEAH LOPEZ** | : | HEARING: September 23, 2026 |
| Debtors | : | 11:00 AM |
| | : | No. 26-12448(amc) |

**MOTION OF PHILADELPHIA FEDERAL CREDIT UNION FOR RELIEF from THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§362(d) and (e)**

Philadelphia Federal Credit Union (**"PFCU"** or the **"Movant"**), by and through its counsel, **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**, hereby moves this court for Relief from the Automatic Stay, pursuant to 11 U.S.C. §§362(d) and (e), to allow the Movant to repossess with or without judicial process, in any manner permitted by applicable non-bankruptcy law, the Debtor's 2020 Chevrolet Malibu, VIN XXXXX-XXXXX-XXX7036, in support of which averring as follows:

**INTRODUCTION**

1. The Bankruptcy Court has jurisdiction over this core matter, pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a), (b)(1) and (2)(A) and (M), and 11 U.S.C. §362.

2. Venue of this Court is predicated upon 28 U.S.C. §1409.

3. On June 5, 2026 (the **"Petition Date"**), Radames Lopez, Jr. and Leah Lopez (the **"Debtors"**) filed a voluntary petition for relief under Chapter 13 of the U.S. Bankruptcy Code, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, at the docket number appearing above (the **"Petition"**).

**THE LOAN**

4. On January 13, 2022, the Debtors made, executed and delivered a Closed-End

Note, Disclosure, Loan and Security Agreement (the "**Note**") to the Plaintiff, evidencing their indebtedness to the Movant in the original principal amount of $19,000.00 (the **"Loan"**).

5. A true copy of the Note is attached hereto as **Exhibit "A"**.

6. As an inducement to the Movant to extend the Loan, in consideration of the Movant's decision to do so, and as security for its repayment, the Debtors granted the Movant a security interest in, and lien upon (the **"Lien"**), a certain 2020 Chevrolet Malibu automobile, VIN XXXXX-XXXXX-XXX7036 (the **"Vehicle"**) to, and in favor of the Plaintiff.

7. The Lien was perfected by endorsement on the Certificate of Title (the **"Title"**) to the vehicle.

8. A copy of the Title is attached as **Exhibit "B"**.

9. The Note and Lien have not been assigned and the Plaintiff remains their holder.

**BASES FOR STAY RELIEF**

10. The current payoff balance of the Loan is $10,633.54.

11. The current trade-in value of the Vehicle, according to Edmunds.com, is $12,018.00.

12. The Debtor lacks meaningful equity in the Vehicle.

13. A lack of equity in collateral is a failure of "adequate protection" within the meaning of 11 U.S.C. §361.

14. A failure of "adequate protection" constitutes "cause" for relief from the automatic stay according to 11 U.S.C. §362(d)(1).

15. The Debtors have made no post-petition payments to the Movant, though payments of $376.07 were due on June 12, 2026, July 12, 2026 and August 12, 2026.

16. Another $376.07 payment will be due on September 12, 2026, before this Motion is heard.

17. The vehicle is not necessary for an effective reorganization of the Debtor.

**WHEREFORE**, Philadelphia Federal Credit Union requests that this Court enter an Order modifying the Automatic Stay to the extent necessary to permit it to repossess the Vehicle, with or without judicial process, in any manner permitted by applicable non-bankruptcy law, and that the Court grant such other and further relief as is necessary and just.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

**By:** */s/ William J. Levant, Esquire*

**William J. Levant, Esquire**
910 Harvest Drive; P.O. Box 3037
Blue Bell, PA 19422
Phone: (610) 941-2474; Facsimile: (610) 684-2020
wlevant@kaplaw.com
Attorneys for Philadelphia Federal Credit Union

Date: August 28, 2026